IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BERNARD RAY RICHARDSON, ) | |
|     Plaintiff, ) | Civil Action No. 7:15cv00488 |
| ) | |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| B.J. RAVIZEE, *et al.*, ) | United States District Judge |
|     Defendants. ) | |

**MEMORANDUM OPINION**

Bernard Ray Richardson, a Virginia inmate proceeding *pro se*, filed a "motion for a federal restraining preliminary order" against two grievance coordinators and a grievance ombudsman service manager, asking the court to: 1) order the Virginia Department of Corrections ("VDOC") to replace his orthopedic shoes; and 2) declare the VDOC's inmate grievance system as invalid.[1] In his motion, Richardson requests that the court "not take or construe[] this petition as some 42 U.S.C. § 1983 civil rights petition complaint." Upon review of Richardson's motion, the court concludes that it has no jurisdiction over this action and, therefore, will dismiss it without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

In order for the court to hear and decide a case, it must first have jurisdiction over the subject matter of the litigation. Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because federal courts have limited subject matter jurisdiction, there is no presumption that the court has jurisdiction. *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999). The burden of proof rests with plaintiff to establish that such jurisdiction exists. *Warren v. Sessoms & Rogers,*

---

[1] Richardson alleges that the defendants have repeatedly blocked his access to the grievance system in order to "deprive [him] of any adequate medical treatment" and to protect their "white friends."

*P.A.*, 676 F.3d 365, 370-71 (4th Cir. 2012). Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists and "to dismiss the action if no such ground appears." *Bulldog Trucking*, 147 F.3d at 352; *see* Fed. R. Civ. P. 12(h)(3) ("Whenever it appears . . . that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Richardson's pleading provides no basis for either federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332 in light of his explicit instruction that the court not construe the motion as commencing an action under 42 U.S.C. § 1983. Accordingly, the court will dismiss this action without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

Entered: October 13, 2015.

*Elizabeth K. Dillon*
United States District Judge